## GEORGE HOBBS *vs.* JOSEPH B. FULLER.

An entry for foreclosure of a mortgage, under Rev. Sts. c. 107, § 2, duly certified and recorded, is sufficient, without notice to the mortgagor, or to a subsequent mortgagee, who is in possession under a previous entry for foreclosure; and is not waived or postponed by the first mortgagee's subsequently rendering an account to the owner of the equity of redemption, charging himself with rent beginning at a later period.

BILL IN EQUITY filed on the 26th of February 1855 to redeem land in Worcester from a mortgage. Hearing before *Bigelow*, J., who reported to the full court this case:

On the 10th of February 1852 the defendant, who was first mortgagee, entered upon the land for breach of condition, and for the purpose of foreclosure; and a certificate by two witnesses of his entry was filed and recorded, as required by Rev. Sts

*c.* 107, § 2. Between the 10th and 16th of said February the defendant gave notice of his entry to Henry D. Stone, the owner of the equity of redemption. At the time of the entry one tenement in the house on the premises was occupied by a tenant of Burgess, a second mortgagee, who had previously entered for breach of condition of his mortgage, and duly recorded a certificate of his entry. Neither Burgess nor his tenant had any notice or knowledge of the defendant's entry, and such tenant continued to pay rent to Burgess until the 1st of April 1852, after which the defendant received all the rents, having leased the whole to a new tenant who took possession towards the end of March. On the 3d of May 1853 the defendant, at Stone's request, made out an account of the amount due to him on his mortgage, in which he charged himself with rent only from said first of April. Stone afterwards paid off the second mortgage, taking an agreement from Burgess to discharge it or assign it to whoever Stone should name ; and conveyed the premises to Hobbs by deed of warranty.

*P. C. Bacon,* for the plaintiff. Under the Rev. Sts. *c.* 107, § 1, the defendant's entry, in order to be open and peaceable, must have been made known to Stone and Burgess, so that they could oppose it if they saw fit. The facts do not show that the defendant had three years' actual possession. *Northampton Paper Mill* v. *Ames,* 8 Met. 1. *Swift* v. *Mendell,* 8 Cush. 357. *Cook* v. *Hinsdale,* 4 Cush. 134. *Ayres* v. *Waite,* 10 Cush. 72. *Lawrence* v. *Fletcher,* 10 Met. 344. *Stone* v. *Ellis,* 9 Cush. 95. *Bennett* v. *Conant,* 10 Cush. 163. *Shepard* v. *Richards,* 2 Gray, 424. *Smith* v. *Johns,* 3 Gray, 517. The account rendered by the defendant shows that he did not consider his possession as beginning until the 1st of April. If he took any possession on the 10th of February, he waived it.

*F. H. Dewey,* for the defendant.

THOMAS, J. This bill is brought too late. The entry having been made by the defendant on the 10th of February 1852, the foreclosure became perfect on the 10th of February 1855. The possession taken by the defendant was in conformity with the provisions of the statutes, and there is no evidence from which

a waiver of his possession could have been inferred. Rev. Sts. c. 107, § 1. *Raymond* v. *Raymond,* 7 Cush. 605. *Swift* v. *Mendall,* 8 Cush. 357. *Bennett* v. *Conant,* 10 Cush. 163. *Palmer* v. *Fowley,* 5 Gray, 545. *Bill dismissed.*